SHIVERS, Chief Judge.
Appellants, Douglas L. Adams and James L. Bigler, appeal the trial court’s denial of their petition for writ of habeas corpus and complaint for declaratory and injunctive relief. We affirm in part, reverse, and remand.
The appellants in this case are inmates incarcerated in the Florida Department of Corrections. In February 1988, the two appellants were charged with having violated Rule 33-22.012(9-7), F.A.C., a Department of Corrections rule prohibiting unauthorized physical contact between inmates. *345 After a hearing before a prison disciplinary team, the appellants were found guilty and received 30 days disciplinary confinement plus a forfeiture of 60 days of gain time. In March 1988, appellants filed joint petitions for writ of habeas corpus and complaints for declaratory and injunctive relief in the circuit court, raising four issues: (1) that Rule 33-22.012(9-7), F.A.C., was vague and unconstitutional; (2) that the disciplinary report finding appellants guilty of having violated the rule was unsupported by the evidence; (3) that the disciplinary team failed to either call appellants’ witnesses during the hearing or to read their statements into evidence; and (4) that one of the disciplinary team members was not on the list of members specifically approved pursuant to Rules 33-22.003(1) and (2), F.A.C. After consideration of appel-lees’ response and appellants’ reply to its order to show cause, the trial court denied the petition and complaint on the grounds that appellants had failed to exhaust administrative remedies and that they had failed to demonstrate entitlement to the requested relief.
We affirm the trial court’s denial of the relief requested in the complaint for declaratory and injunctive relief, in which appellants challenged the constitutionality of Rule 33-22.012(9-7), F.A.C. As their appellate brief fails to contain any argument on that point, it appears that appellants have abandoned this issue. We also affirm, as to appellant Bigler only, the trial court’s ruling on the third point, above. It appears from the record on appeal that appellant Bigler did not request the presence of any witnesses at the hearing. Therefore, the trial court properly found, as to this issue and this appellant, that the petition failed to demonstrate entitlement to the requested relief.
However, we find that the trial court erred in dismissing the remaining claims in the petition for writ of habeas corpus, as well as the third claim as to appellant Adams, without conducting an evidentiary hearing. First, contrary to the trial court’s ruling, it appears from the record on appeal that appellants properly exhausted all available administrative remedies by filing formal grievances at both the institutional level and with the Secretary of the Department of Corrections, pursuant to Rule 33-3.007, F.A.C. Second, we find that appellants have stated at least a prima facie claim (with the exception of the third issue as to appellant Bigler, as noted above) in support of each of the three issues raised in the petition for writ of habeas corpus. We therefore reverse the trial court’s denial of these claims and remand for further proceedings.
AFFIRMED IN PART, REVERSED, and REMANDED.
ERVIN and JOANOS, JJ., concur.